IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,602-01






EX PARTE PAM DENISE STARKS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W91-44945-J(A) IN THE CRIMINAL DISTRICT


COURT NO. 3 FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of Burglary of a
Habitation and sentenced to 40 years' imprisonment. Her conviction, as reformed, was affirmed in
an unpublished opinion. Starks v State, Slip Op. No. 05-09-00231-CR (Tex.App.-Dallas, del. March
20, 1995).



 Applicant contends that her trial counsel rendered ineffective assistance. She complains that
she refused a plea offer of 25 years on the advice of counsel even though this plea offer was the
minimum for her offense as prosecuted. Applicant claims counsel told her she had nothing to lose,
did not warn her that the punishment could go above the 25-year offer, and said she would not get
more in an open-plea than the 25-year offer. Had counsel explained that 25 years was the minimum
sentence for the offense as prosecuted and that the actual sentence in an open plea could be much
higher, Applicant indicates she would have accepted the plea offer rather than plead open to the
court. There are no admonishments in the record, and the docket sheet only states that Applicant was
warned. 

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief, including findings
concerning the affirmative defense of laches the State has raised. See Ex parte Carrio, 992 S.W.2d
486, 488 (Tex. Crim. App. 1999).

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 11, 2011

Do not publish